**Daniel WRIGHT, et al., Appellants**

v.

**POTOMAC ELECTRIC POWER COMPANY, et al., Appellees.**

No. 04–7153.

United States Court of Appeals, District of Columbia Circuit.

May 24, 2005.

Jerome E. Clair, The Law Office of Jerome E. Clair, Washington, DC, for Appellants.

William Patrick Flanagan, Amy Folsom Kett, Hogan & Hartson, McLean, VA, Sue Dishuk Gunter, Richard Michael Resnick, Sherman, Dunn, Cohen, Leifer & Yellig, PC, Washington, DC, for Appellees.

Before SENTELLE, RANDOLPH, and GARLAND, Circuit Judges.

**2**

## *JUDGMENT*

This appeal was considered on the record from the United States District Court for the District of Columbia and on the briefs of the parties. *See* Fed. R.App. P. 34(a)(2); D.C.Cir. R. 34(j). The court has determined that the issues presented occasion no need for a published opinion. *See* D.C.Cir. R. 36(b). It is

**ORDERED** and **ADJUDGED** that the judgment of the District Court be affirmed for the following reasons.

Plaintiffs George Blakeney, Calvino Stanford, Quinton Briscoe, and Daniel Wright appeal the district court's grant of summary judgment in their employment discrimination suit against the Potomac Electric Power Company (PEPCO), Local Union 1900 of the International Brotherhood of Electrical Workers, and John Coleman, the Union's President. With respect to Blakeney's discrimination claim against PEPCO, we affirm for the reasons set forth below. With respect to all other claims and all other plaintiffs, we affirm for the reasons stated in the district court's memorandum opinion of August 25, 2004.

Blakeney contends that PEPCO discriminated against him by delaying implementation of a rotation system so that he, and not a white employee, would be the first to rotate temporarily into an undesirable position in the Oil Department. The district court granted PEPCO's motion for summary judgment on the ground that Blakeney had not explained how his temporary rotation amounted to adverse employment action. We need not decide that question, however, because Blakeney's claim fails for a more fundamental reason. Blakeney conceded at his deposition that PEPCO had a legitimate, nondiscriminatory reason for implementing the rotation system when it did. As a result of his concession, Blakeney cannot show that "a reasonable jury could conclude that" the challenged actions were undertaken "for a discriminatory reason," and therefore summary judgment was properly granted. *Morgan v. Federal Home Loan Mortgage Corp.*, 328 F.3d 647, 651 (D.C.Cir.2003).

Pursuant to D.C. Circuit Rule 36, this disposition will not be published. The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. Rule 41.